IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TIMOTHY LABRON WOODARD, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:19-CV-97 (CDL) |
| DAVID SAULS, | * | |
| Defendant. | * | |

O R D E R

After a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on May 4, 2020 is hereby approved, adopted, and made the Order of the Court. The Court considered Plaintiff's objections and finds that they lack merit.

The Court makes the following additional findings regarding Plaintiff's objections to the Magistrate determination that Plaintiff failed to exhaust his administrative remedies.[1] Plaintiff asserts that he did not receive any document explaining the West Central Georgia Regional Hospital ("WCGRH") grievance process, and accordingly the administrative procedures were unavailable. Pl.'s Reply Mem. 1-2, ECF No. 74. He argues that,

---

[1] Plaintiff was in state custody as a pretrial detainee obtaining a mental competency examination at West Central Georgia Regional Hospital ("WCGRH") at the time of his grievances that form the basis of his complaint. Accordingly, the Court finds that the exhaustion of administrative remedies requirement of 42 U.S.C. § 1997e(a) applies here.

although he signed acknowledgements saying he received a "Client Rights and Responsibilities" brochure and a "West Central Information Guide," see Def.'s Supp. Reply Br. and Obj. to Order and Recommendation Attach. 1, WCGRH Client Rights, ECF No. 56-1, these documents did not contain information explaining the hospital's grievance procedures. Defendant responded by attaching the "West Central Information Guide," which explains the grievance and appeals process. Supp. Huddleston Decl. Attach. 2, WCGRH Information Guide 14-15, ECF No. 77-2. The Program Associate in the WCGRH Admission Department also filed a declaration stating that the West Central Information Guide is "provided to all new clients, including [Plaintiff], upon admission" and "given in the routine practice of WCGRH and [is] maintained in the ordinary course of business with WCGRH." Huddleston Decl. ¶¶ 4-6, ECF No. 73-1. The Court finds that, based on this evidence that Plaintiff acknowledged in writing that he received the Information Guide and that the Information Guide explains the WCGRH grievance process, Defendant met his burden of establishing that Plaintiff received information regarding the WCGRH grievance and appeals process. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (noting that courts deciding motions to dismiss for failure to exhaust administrative remedies must "make specific findings in order to resolve the disputed factual issues related to exhaustion" and the Defendant bears the burden of proof). This evidence

outweighs Plaintiff's conclusory allegation that he did not receive information regarding the grievance process. Given this finding, the Court concludes that WCGRH's grievance and appeals procedure was not unavailable to Plaintiff. *Cf. Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007) (finding administrative procedures were unavailable where they were laid out in the jail's General Operating Procedures, which no inmate was ever permitted to see).

Plaintiff next argues that the grievance appeal procedures were unavailable because the WCGRH Service Director failed to explain the appeals process to him in response to Plaintiff's grievance, as required by the WCGRH grievance procedures. But, as the Court previously concluded, Plaintiff had already received WCGRH's grievance appeals procedures in the Information Guide. Therefore, the procedures were not unavailable to him, notwithstanding the Service Director's failure to remind him of those procedures.

Plaintiff argues that WCGRH staff refused to provide him the grievance policies after he requested them. Plaintiff points to a letter he sent to the WCGRH Director of Quality Management, in which he complained that WCGRH staff refused to allow him access to legal materials and refused to complete Plaintiff's legal forms for him because they said it was contrary to hospital policy. WCGRH Client Complaint Form (Feb. 20, 2019), ECF No. 67-1 at 7-9.

3

In relevant part, Plaintiff complained that he had requested "help filling out legal documents. When refused, [he] asked for a copy of policy [sic]." *Id.* at 3, ECF No. 67-1 at 9. The Court finds that this evidence does not support Plaintiff's contention that he requested and was denied WCGRH's policy regarding its *grievance procedures*; it only shows that he requested and was denied the hospital's policy regarding patients' access to legal materials and patients' requests for help completing legal documents. Therefore, Plaintiff's letter does not support his argument that the WCGRH grievance procedures were unavailable.

For these reasons, the Court overrules Plaintiff's objections to the Report and Recommendation, makes the findings set forth above, and adopts the Report and Recommendation to the extent not inconsistent with this order.

IT IS SO ORDERED, this 8th day of September, 2020.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA